IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN C. MILLER, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-24-00599-R |
| | ) |
| WEAMA LLC, | ) |
| d/b/a SYNERGY HOMECARE, | ) |
| and/or | ) |
| SYNERGY HOMECARE OF | ) |
| EDMOND | ) |
|       Defendants. | ) |

## ORDER

Before the Court is Defendant Weama LLC's Motion to Compel Arbitration [Doc. 4]. Parties have fully briefed the matter [Docs. 6, 7]. Upon consideration, the Court GRANTS the Motion, stays the case, and orders parties to arbitration.

Plaintiff Miller alleges her former employer, Defendant Weama, discriminated and retaliated against her by terminating her employment in violation of several federal and state statutes. *See* Doc. 1-2. In response, Weama attempts to enforce an Arbitration Agreement it alleges Ms. Miller signed when she started with Weama. *See* Doc. 4-1: Agreement.

The Supreme Court has "long recognized and enforced a liberal federal policy favoring arbitration agreements." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotation omitted). Whether parties agreed to arbitrate is a matter of contract, and state-law contract principles are applied to determine whether parties agreed to arbitrate. *Ragab v. Howard*, 841 F.3d 1134, 1137 (10th Cir. 2016). Courts are to interpret

arbitration clauses liberally and resolve all doubts in favor of arbitration. *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 798 (10th Cir. 1995). When posed with a question of arbitrability, courts "have no business weighing the merits of the grievance" and must submit all of parties' grievances to arbitration, even if some of the claims may be meritless. *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). When ordering arbitration, a court must enforce the agreement, stay the proceeding, and retain only a supervisory role. *See* 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

Determining whether the arbitration clause applies to Plaintiff's case is an easy task because Plaintiff does not challenge the validity or applicability of the Agreement. Rather, the Response rehashes a history of Plaintiff's claims, openly wonders why the Agreement was only propounded now, and requests the Court order the parties to mediation prior to the contractually agreed-upon arbitration. *See* Doc. 6. Upon its own review, the Court finds no reason why the Arbitration Agreement would be inapplicable to Plaintiff's claims. Furthermore, the Agreement does not contemplate mediation prior to arbitration, and it provides for the apportionment of fees for arbitration sessions. Agreement at § 7. Thus, in the face of a valid contract between parties, the Court must stay this case and order parties to arbitrate their dispute in conformance with the Agreement.

Accordingly, the Court GRANTS Defendant's Motion to Compel Arbitration [Doc. 4]. The matter will be stayed pending the outcome of arbitration proceedings. Parties are directed to promptly notify this Court of developments requiring its attention.

**IT IS SO ORDERED** this 16th day of July 2024.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE